IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| *EX PARTE* APPLICATION OF AXION ) | |
| HOLDING CYPRUS LTD. PURSUANT ) | Misc. No. 20-00290 (MN) |
| TO 28 U.S.C. § 1782 FOR LEAVE TO ) | |
| TAKE DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS. ) | |

**MEMORANDUM ORDER**

At Wilmington this 18th day of September 2020,

Before the Court is Petitioner Axiom Holding Cyprus Limited's ("Petitioner") *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 for Leave to Take Discovery For Use in Foreign Proceedings (D.I. 3) ("the Application") from OEP Capital Advisors LLC and OEP Capital Advisors GP, LLC ("Respondents") which is supported by Petitioner's Memorandum of Law and the declarations of Kenneth D. Beale and Duane L. Loft (D.I. 4-7). The foreign proceedings consist of two private arbitrations in the London Court of International Arbitration ("the LCIA"). For the reasons discussed below, the Court denies the Application.

The Court is authorized to order discovery for use in foreign proceedings under 28 U.S.C. § 1782, which provides in relevant part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. The Third Circuit has yet to resolve the "difficult" question of whether § 1782 applies to private foreign or international arbitration proceedings like the one at issue here. *Comision Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co. LLC*, 341 F. App'x 821, 825 (3d Cir. 2009). Other circuit courts are split on the issue, with the Fourth and Sixth Circuits holding that private commercial arbitral tribunals fall within the definition of "foreign or international tribunals," *see*

*Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209, 214 (4th Cir. 2020), *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 730–31 (6th Cir. 2019), and the Second and Fifth Circuits taking the opposite view, *see In Re Guo*, 965 F.3d 96, 104–05 (2d Cir. 2020), *as amended* (July 9, 2020) (citing *Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184 (2d Cir. 1999)), *El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 F. App'x 31, 33 (5th Cir. 2009) (citing *Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880 (5th Cir. 1999)).

Recent cases in this district, however, have been consistent on the issue. In *In re EWE Gasspeicher GmbH* and *In re Storag Etzel GmbH*, courts in this district engaged in comprehensive review of the legislative history of § 1782 and the arguments on either side before concluding that private commercial arbitrations are not "tribunals" within the meaning of § 1782. *See In re EWE Gasspeicher GmbH*, No. CV 19-MC-109-RGA, 2020 WL 1272612, at *2 (D. Del. Mar. 17, 2020), *In re Storag Etzel GmbH*, No. CV 19-MC-209-CFC, 2020 WL 1849714, at *3 (D. Del. Apr. 13, 2020). This Court agrees with the reasoning and conclusions of those opinions and holds that private commercial arbitrations are not "tribunals" for purposes of applications pursuant to § 1782.

Petitioner argues that, even if this Court concludes that private foreign arbitrations generally do not fall within the scope of § 1782, proceedings before the LCIA nonetheless qualify because LCIA tribunals are governed by the U.K. Arbitration Act of 1996 ("the U.K. Act") and therefore "act with authority of the state." (D.I. 4 at 13). This Court disagrees.

In arguing that the LCIA acts with the authority of the state, Petitioner relies on the fact that parties before the LCIA may seek judicial review for "(1) 'serious irregularity affecting the tribunal, the proceedings or the award'; (2) substantive jurisdiction; and (3) point of law." (D.I. 5 ¶ 6) (citing Arbitration Act, 1996, c. 23, §§ 67-69 (U.K.)). More specifically, Petitioner points to

Section 68 of the U.K. Act, which defines appealable "serious irregularities" as "a tribunal exceeding its powers; a tribunal failing to deal with all the issues that were put to it; or a tribunal issuing an award obtained by fraud or in a manner contrary to public policy." *Id.* In this respect, the U.K. Act is analogous to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, which governs arbitrations relating to federal causes of action. The Federal Arbitration Act provides that:

> the United States court in and for the district wherein the award was made may [vacate] the award . . . (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Both the Federal Arbitration Act and the U.K. Act allow for judicial intervention when the arbitrators exceeded their powers, refused to hear pertinent evidence or issues, or when the arbitration award was the result of fraud or other misconduct. Despite the judicial oversight guaranteed by the Federal Arbitration Act, however, private arbitrators resolving potential federal cases are clearly not state actors. *See, e.g.*, *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 838 n.1 (9th Cir. 2017) ("It is well established that judicially enforcing arbitration agreements does not constitute state action."). It follows that, contrary to Petitioner's argument, similar judicial process abroad does not allow a foreign private arbitral body to "act with authority of the state" (D.I. 4 at 13).

In conclusion, this Court finds that private commercial arbitrations are not "tribunals" within the meaning of § 1782, and that the LCIA does not act with sufficient state authority to independently qualify as a tribunal. Accordingly, Petitioner is unable to meet the statutory requirements of § 1782.

THEREFORE, IT IS HEREBY ORDERED that:

1. Petitioner Axiom Holding Cyprus Ltd.'s *ex parte* application pursuant to 28 U.S.C. § 1782 for leave to take discovery for use in foreign proceedings (D.I. 3) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

_____
The Honorable Maryellen Noreika
United States District Judge